### DOWNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  November 9, 1900.)

1. STREET RAILROADS—INJURIES TO PASSENGER—EVIDENCE—OBJECTIONS.

The complaint alleged that plaintiff, a passenger on defendant's street car, was "severely injured and bruised about different parts of her body, and particularly as follows: A fracture of the right fibula at its lower third; a badly sprained ankle, with ecchymosis extending from the toes to the knee, and great swelling of the foot and ankle." Her attending physician and another witness testified without objection that they found deformity at the ankle and ankylosis, and the latter was asked if a formation had been created at the bottom of the tibia or fibula, preventing movement of the ankle joint, when defendant objected for the first time that the testimony as to her condition was not within the allegations of the complaint. *Held*, that such objection came too late, as the facts showing condition of the ankle had already been proven without objection.

2. EXCESSIVE DAMAGES.

Plaintiff, a carpet sewer, earning $8 per week, sustained a fracture of the right fibula and sprained her ankle while alighting from a street car. She was incapacitated for her work for seven months, and paid $185 for medicines and doctor bill, and there was evidence that the injury, which produced ankylosis, was permanent. *Held*, that a verdict for $7,000 was excessive, and should be reduced to $5,000.

Appeal from trial term.

Action by Nellie Downer against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Franklin Pierce, for respondent.

INGRAHAM, J.  Two questions are presented by the appellant upon this appeal.  The first arises from an exception to the admission of evidence of a physician as to the injuries sustained by the plaintiff as the result of the accident.  The plaintiff was injured when attempting to alight from one of the street-railroad cars of the defendant, the complaint alleging that the plaintiff was severely injured and bruised about different parts of her body, and particularly as follows:  "A fracture of the right fibula (smaller bone of the leg) at its lower third; a badly sprained ankle, with ecchymosis (discoloration) extending from the toes to within two inches of the knee, and great swelling of the foot and ankle."  The plaintiff called as a witness Dr. McDougall, who was her attending physician.  He testified without objection that the condition of the plaintiff at the

time of the trial was "deformity of the right ankle, with a great deal of thickening of the lower end of the tibia, the larger bone of the leg, especially in the frontal aspect"; that he found ankylosis,—"that is, the immobility of the ankle joint," inability to move the foot backward and forward; that this condition was permanent. This testimony was taken without objection by the defendant, and the attention of the court was not called to the pleadings. The witness was cross-examined upon this subject by the defendant's counsel. The plaintiff also called a Dr. Lyons, who testified without objection that he found a considerable deformity at the ankle joint; thickening of the bone around the joint, and a hardness there, showing that the deformity was due to an increased growth of the bone. He also found the foot slightly averted when the muscles were not called into action. He found atrophy, or a shrinking and withering, of the muscles of the calf of the leg on the right side; immobility of the ankle joint,—ankylosis; that the bones were bound together so that the joint could not be moved at all; that the bones constituting the ankle joint were bound together by ligaments. And the witness was then asked, "Has a formation been created between that and the bottom of the tibia or fibula, so that she cannot move the ankle joint?" That was objected to by the defendant as leading, irrelevant, and incompetent, and the court's attention was for the first time called to the allegations of the complaint in regard to the character, extent, and nature of the injuries. This was the first objection taken by counsel for the defendant to any of the testimony upon the ground that the allegations of the complaint were not sufficient to allow the proof of plaintiff's condition, and we think the objection came too late. The facts showing the condition of the ankle had been proved without objection, and no motion was made to strike out the testimony as not within the allegations of the complaint.

The other objection taken by the defendant is that the verdict is excessive. The plaintiff was employed as a carpet sewer, her pay averaging about eight dollars per week. She earned nothing from the time of the accident, March 2, 1898, until October 2d of the same year. She paid $35 for medicines and other expenses incident to the accident, excluding the doctor's bill, which amounted to $150, and there was evidence tending to show that the injury to her ankle was permanent. The jury found a verdict for the plaintiff for $7,000, and this, we think, under the circumstances, was excessive. A consideration of the testimony has satisfied us that the verdict should not be allowed to stand for more than $5,000, and the judgment must be reversed, and a new trial ordered, unless the plaintiff stipulates to reduce the verdict to that amount. If such stipulation is given, the judgment, as modified, is affirmed, without costs of this appeal. All concur.